Mark J. Wilk, OSB 814218
mwilk@oregonlawcenter.org
Veronica Digman-McNassar, OSB 120792
vdigman@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Telephone: (503) 981-0336

David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR 972014
Telephone: 503-473-8684

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DISTRICT

| | |
|---|---|
| ANA MARIA AMARAL GUIJARO, CONSUELO AMARAL GUIJARO, ALMA LOPEZ RUBIO, ELIZABETH AMARAL GUIJARO AND ALL OTHERS SIMILARLY SITUATED<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>BLUE HERON FARM, LLC,<br>　an Oregon limited liability company<br><br>　　　　　　　Defendant. | Case No.<br><br><br><br>CLASS ACTION ALLEGATION COMPLAINT<br><br><br><br>(Migrant and Seasonal Agricultural Worker Protection Act, Oregon Wage Deduction  statutes) |

I.  PRELIMINARY STATEMENT

1. Plaintiffs are seasonal agricultural workers who worked seasonally for defendant in

2017 and resided in defendant's labor camp housing in Marion County, Oregon. Defendant took

Page 1 - CLASS ACTION COMPLAINT

deductions from plaintiffs' wages for the labor camp housing without their written authorization, resulting in failure to pay the Oregon minimum wage during one or more pay periods and failure to pay wages when due. Plaintiffs bring claims under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) and Oregon wage deduction statutes on behalf of themselves and all others similarly situated for these violations of federal and state law.

## II.  JURISDICTION

2. Jurisdiction is conferred on this Court by 29 U.S.C. §1854(a)(AWPA), 28 U.S.C. §1331 (federal question), and  28 U.S.C. §1337 (interstate commerce).

3. This Court has supplemental jurisdiction of the Oregon law claims under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy.

## III.  PARTIES

4. Plaintiffs, at all times relevant to this action, were seasonal agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(10), in that they were employed in agricultural labor of a seasonal or temporary nature.

5. Defendant is an Oregon limited liability company with its principal place of business in Salem, Oregon and was at all times an agricultural employer under the AWPA, 29 U.S.C. §1802(2).

## IV.  FACTUAL ALLEGATIONS

6. Defendant employed and housed plaintiffs and other seasonal workers in Marion and Polk Counties, Oregon in 2017 to harvest agricultural products.

7. During their employment, defendant deducted charges for labor camp housing from plaintiffs' and other workers paychecks without their written authorization for the deductions.

Page 2 - CLASS ACTION COMPLAINT

8. Defendant deducted varying amounts for housing during each pay period that plaintiffs and other workers resided in defendants' labor camp housing.

9. As a result of these unauthorized deductions, defendant failed to pay plaintiffs and other workers the Oregon minimum wage in a number of pay periods in 2017.

10. As a result of these unauthorized deductions, defendant failed to pay plaintiffs and other workers their wages when due, in violation of 29 U.S.C. § 1832 (a).

11. In taking the deductions for housing without plaintiffs' and other workers' written authorization, defendant violated ORS 652.610(3).

12. Defendant's deductions for housing were intentional.

13. Plaintiffs attempted in good faith to resolve the issues in dispute without litigation.

14. Plaintiffs have been required to obtain the services of an attorney to enforce their rights and are entitled to recover reasonable attorneys fees pursuant to ORS 652.615.

## V. CLASS ALLEGATIONS

15. Plaintiffs bring this action pursuant to Fed. R. Civ. Pro. 23 (b)(3) on behalf of themselves and all other workers employed by defendant in 2017 who had housing charges deducted from their wages without their written authorization.

16. Plaintiffs estimate the class size to range from 60 to 100 workers.

17. The class is so numerous that joinder of all members is impracticable.

18. There are questions of law or fact common to the class, including:

a. that defendant failed to pay workers the legal minimum wage in every pay period and failed to pay their wages when due; and

b. that defendant took deductions from workers' pay without workers' written authorization.

19. The claims of the named plaintiffs are typical of the claims of the class, and these common claims predominate over any individual claims.

20. The named plaintiffs will fairly and adequately protect the interests of the class as they have worked for defendant for a number of years, have lived in defendant's labor camp housing and are related to other workers who have worked for and lived in defendant's labor camp housing.

21. Counsel for plaintiffs have extensive experience representing seasonal farmworkers such as plaintiffs in complex, multiparty litigation, including class actions.

22. Maintenance of this action as a class action is superior to all other available methods to fairly and efficiently adjudicate the controversy because:

a. class members are low-income, predominately Spanish-speaking, seasonal farmworkers for whom the availability of individual actions is extremely limited;

b. no known litigation of these claims is now ongoing;

c. the claims for failure to pay wages when due and for unlawful deductions are the same for all class members;

c. all claims of class members arose in Oregon, all claims can be adjudicated in this action, and all claims and all parties are represented by Oregon counsel;

d. the claims of class members are for statutory damages for each violation, and the exact number of violations is known or readily ascertainable by defendant.

e. the amount of statutory damages is set by statute or capable of determination on a class basis, and

f. management of the class is not likely to be difficult.

Page 4 - CLASS ACTION COMPLAINT

## VI.  CLAIMS FOR RELIEF

First Claim for Relief - Migrant and Seasonal Agricultural Worker Protection Act (AWPA)

23. Defendant violated the AWPA by failing to pay all wages when due as required by 29 USC § 1832(a).

24. Plaintiffs seek statutory damages of $500.00 per violation on behalf of themselves and all others similarly situated, pursuant to 29 USC § 1854 ( c).

Second Claim for Relief - Unlawful Deductions

25. Defendant made unauthorized deductions from the wages of plaintiffs and other workers for defendant's labor camp housing in violation of ORS 652.610(3).

26. Plaintiffs seek statutory damages of $200.00 for each unlawful deduction on behalf of themselves and all others similarly situated, pursuant to ORS 652.615.

27. Plaintiffs seek attorney fees pursuant to ORS 652.615.

## VII.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court enter judgment in their favor on behalf of themselves and all others similarly situated and against defendant, as follows:

1. On their First Claim for Relief (AWPA), statutory damages of $500.00 per violation per worker, pursuant to 29 U.S.C. § 1854(c).

2. On their Second Claim for Relief (Unlawful Deductions), statutory damages of $200.00 per violation per worker, pursuant to ORS 652.615.

5. Plaintiffs' costs and attorney fees, pursuant to 652.615.

6. Award such other and further relief as the Court deems just, reasonable and proper.

///

OREGON LAW CENTER


s/ Mark J. Wilk                                            6/26/19

_____          _____
Mark J. Wilk, OSB No. 814218                    Date
Of Attorneys for Plaintiffs
Telephone: 503-981-0336