IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANA MARIA AMARAL GUIJARO, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE HERON FARM, LLC, *an Oregon limited liability company*,<br><br>Defendant. | Case No. 6:19-cv-01003-AA<br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

AIKEN, District Judge:

The Court issued an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement (doc. 20) on April 16, 2021 pursuant to plaintiff's unopposed motion filed March 15, 2021, and the parties' proposed settlement of this class action. The Court found that this Action meets the requirements for class certification under Federal Rule of Civil Procedure 23 and that the proposed settlement is one that could ultimately be given final approval by the Court as fair, adequate, and reasonable when balanced against the probable outcome

Page 1 – ORDER

of further litigation. The Court approved the form and content of the Notice of the proposed settlement and Claim Form, approved the procedures for providing notice, and approved the procedures and timing for Class Members to opt-out or object to the proposed settlement.

The parties now seek final approval of the class action settlement. A Fairness Hearing was held on plaintiffs' unopposed Motion for Settlement (doc. 22) on October 18, 2021. Having considered the Motion and its supporting documents and exhibits, that no objections to the settlement have been filed, and that no Class Members have opted out of the settlement, and having heard from counsel during the Fairness Hearing, the Court issues the following ORDER:

1. The Court finds that this Action has met the requirements for class certification under Federal Rule of Civil Procedure 23 and should be resolved as a class action. The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable. There are questions of law and fact common to the Class Members, which predominate over any individual questions. The claims of Named Plaintiffs are typical of the claims of the Class Members. Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class Members. Class treatment of these claims is efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

2. The Settlement Class includes all seasonal agricultural workers whom Blue Heron Farm LLC employed and had deductions for housing taken from their pay in any pay period in 2017 for housing without their written authorization.

3. The Court finds that the distribution of the Notice to individual Class Members in the manner and form set forth in the Agreement and Preliminary Approval Order met the requirements of due process under the Constitution and Rule 23(e). The Court further finds that the additional efforts of Class Counsel and the Settlement Claims Administrator to provide actual notice to Class Members of the lawsuit and proposed settlement was the best practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

4. The Court finds that the Agreement should be given final approval by this Court as fair, adequate, and reasonable to all potential Class Members. The proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations, using an experienced, independent settlement judge. Because of speedy, voluntary discovery, counsel for the parties were reasonably able to evaluate their respective positions. Settlement will avoid substantial costs to all parties, as well as the delay and risks that would be presented by further prosecution of this action.

5. The Court approves the Settlement Agreement as fair, reasonable, adequate, and binding on all Class Members.

6. The Court enjoins all Class Members who did not opt out from pursuing and/or seeking to reopen claims that have been released by the Agreement.

7. The Court orders defendant to provide the Settlement Claims Administrator the Gross Settlement Fund of $26,800.

8. The Court orders the Settlement Claims Administrator to distribute settlement checks to the Authorized Claimants as described in the Agreement.

9. The Court orders that Class Counsel's attorney fees of $10,000 and costs of $400 be paid form the settlement fund.

10. The Court orders that the remainder of the payout amount revert to the Farmworker Housing Development Corporation, as provided in Section 3.1.A of the Agreement.

11. This action is DISMISSED with prejudice and without costs or fees no referenced in the Agreement and the Released Class Claims as defined in the Agreement against defendant are released.

12. The Court retains jurisdiction over the interpretation and implementation of the Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Agreement and of the settlement contemplated thereby.

Dated this  18th  day of October 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge